FILED

2013 Mar-18  PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JAMES EARL MOORE,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-12-S-1792-NE** |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, James Earl Moore, commenced this action on May 4, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ failed to make individualized determinations about claimant's disability status, and improperly evaluated claimant's subjective complaints of pain and his credibility.  Upon review of the record, the court concludes that these contentions are without merit.

Claimant's first contention is that the ALJ "failed to make an 'individualized determinations [sic] based on evidence adduced at a hearing.'"[1]  Claimant cites 42 U.S.C. § 423(d)(5)(A), which states:

> An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require.  An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability.  Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques

---

[1] Doc. no. 7 (claimant's brief), at 14.

(for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.   Any non-Federal hospital, clinic, laboratory, or other provider of medical services, or physician not in the employ of the Federal Government, which supplies medical evidence required and requested by the Commissioner of Social Security under this paragraph shall be entitled to payment from the Commissioner of Social Security for the reasonable cost of providing such evidence.

Claimant also relies upon the Supreme Court's decision in *Heckler v. Campbell,* 461 U.S. 458 (1983).   There, the Supreme Court held that the Commissioner's use of the Medical-Vocational Guidelines (or "Grids") to determine disability was consistent with the requirements of the Social Security Act.  *Id.* at 467. In reaching that holding, the Court acknowledged that "the statutory scheme contemplates that disability hearings will be *individualized determinations* based on evidence adduced at a hearing."  *Id.* (citing 42 U.S.C. § 423(d)(2)(A);[2] 42 U.S.C. § 405(b) (1976 ed., Supp. V)) (emphasis supplied).  Even so, the Court found that the

---

[2] 42 U.S.C. § 423(d)(2)(A) provides:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 405(b) provides, in general terms, that the disability determination should be based upon the evidence presented during the administrative proceedings.  *See* 42 U.S.C. § 405(b).

Social Security Administration still could "rely on its rulemaking authority to determine issues that do not require case-by-case consideration." *Id.  See also Broz v. Heckler,* 711 F.2d 957, 958-59 (11th Cir. 1983) (recognizing that the Social Security Act "properly requires the Secretary to determine a claimant's individual capabilities through case-by-case adjudication," but nonetheless holding that the Commissioner "may rely on regulations promulgated through rulemaking in determining the types of jobs available in the national market").

Claimant asserts that the ALJ violated the requirement of an "individualized determination" by relying upon the testimony of Dr. Allan Levine, the medical expert. Dr. Levine testified during the administrative hearing that, based on what he "would normally expect" from a patient with claimant's objective findings, claimant should be able to perform a reduced range of light work.[3]  The ALJ assigned Dr. Levine's residual functional capacity assessment "significant weight."[4]  Claimant asserts that Dr. Levine's lone statement about what he would *normally* expect indicates that Dr. Levine did not assess claimant's individual situation, but instead made generalized statements about what might be expected in a similar situation.  The record simply does not support that conclusion.  Dr. Levine reviewed claimant's medical records, and he questioned and observed claimant during the hearing.  He formed his

---

[3] Tr. 70.
[4] Tr. 24.

conclusions about claimant's residual functional capacity based on what he perceived to be claimant's own limitations, not on the limitations of a hypothetical individual.

Claimant also complaints that Dr. Levine's testimony was based upon "'objective findings' and not upon the actual pain suffered by" claimant.[5]  Claimant's argument is without merit.  As is apparent from the very statute relied upon by claimant, it is appropriate for the ALJ to consider *both* claimant's subjective complaints of pain *and* the objective medical evidence in the record.  *See* 42 U.S.C. § 423(d)(5)(A) ("Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.").  *See also Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)) ("To demonstrate that pain renders him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'").

Claimant's next argument is that the ALJ improperly evaluated his credibility. Under Eleventh Circuit law, "[a]fter considering a claimant's complaints of pain, the

---

[5] Doc. no. 7, at 15.

ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (alteration supplied).  If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ did not fully credit claimant's complaints of disabling pain, reasoning as follows:

> The description of the symptoms and limitations which the claimant has provided throughout the record has generally been inconsistent and unpersuasive.  Another factor influencing the conclusions reached in this decision is the claimant's generally unpersuasive appearance and demeanor while he testified at the hearing. It is emphasized that this observation is only one among many being relied on in reaching a conclusion regarding credibility of the claimant's allegations and the claimant's residual functional capacity, specifically the testimony of Dr. Levine.  For example, the claimant portrayed no evidence of pain or discomfort while testifying at the hearing.  While the hearing was short lived and cannot be considered a conclusive indicator of claimant's overall level of pain on a day to day basis, the apparent lack of discomfort during the hearing was given some slight weight in reaching the conclusion regarding the credibility of the claimant's allegations and the claimant's residual functional capacity.[6]

The ALJ also concluded that "the objective medical evidence does not support the

---

[6] Tr. 23.

alleged level of severity" of claimant's pain.[7]  For example, Dr. Parker's treatment records indicated that claimant was doing well after surgery, was responding well to medications, and was not a candidate for additional surgical procedures. Additionally, claimant declined Dr. Parker's offer of epidural steroid injections, which suggested that claimant's pain was not as severe as alleged.[8]  The ALJ also noted that claimant's allegations of hand numbness and grip problems were inconsistent with his activities, including driving his daughter to school daily, and that claimant never complained of radiating neck pain to Dr. Parker, a specialist.[9] Finally, the ALJ reasoned that claimant's complaints were inconsistent with the testimony of Dr. Levine, the Medical Expert.

The court finds that the ALJ adequately articulated his reasons for finding claimant's testimony to be less than fully credible, and the ALJ's conclusions were supported by substantial evidence of record.

Only one of claimant's credibility arguments warrants more detailed discussion.  Claimant asserts that the ALJ improperly engaged in "sit and squirm jurisprudence" when he made observations about claimant's demeanor and apparent lack of discomfort during the administrative hearing.  The Eleventh Circuit has

---

[7] *Id.*

[8] *Id.*

[9] Tr. 24.

indeed condemned so-called "sit and squirm jurisprudence," its term for the following situation:

> [T]he ALJ engaged in what had been condemned as "sit and squirm" jurisprudence.  In this approach, an ALJ who is not a medical expert will subjectively arrive at an index of traits which he expects the claimant to manifest at the hearing.  If the claimant falls short of the index, the claim is denied.  As the court observed in *Tyler* [*v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976)], this approach
>
> > will not only result in unreliable conclusions when observing claimants with honest intentions, but may encourage claimants to manufacture convincing observable manifestations of pain, or, worse yet, discourage them from exercising the right to appear before an Administrative Law Judge for fear that they may not appear to the unexpert eye to be as bad as they feel.
>
> 409 F. Supp. at 789.

*Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982).

> The ALJ determined that claimant was not suffering pain of a disabling nature because Wilson did not appear to be in great pain at the hearing and no clinical findings supported Wilson's testimony.  2 Rec. at 22.  The ALJ even concluded that Wilson did not need all the medication that had been prescribed to him.  *Id*.  The ALJ thus improperly engaged in "sit and squirm" jurisprudence and erroneously required objective medical evidence to support Wilson's testimony about pain.  Because of these errors, the case must be remanded to the Secretary for further consideration under proper standards.

*Wilson v. Heckler,* 734 F.2d 513, 517-18 (11th Cir. 1984) (alterations in original).

*See also Johns v. Bowen,* 821 F.2d 551, 557 (11th Cir. 1987) ("The ALJ developed his own indicia for measuring claimant's pain, including drawn features, weight loss

8

and muscle atrophy.   Thus, the ALJ improperly engaged in 'sit and squirm' jurisprudence . . . .").

The court does not agree that the ALJ improperly engaged in "sit and squirm" jurisprudence in this case.  He did not subjectively arrive at a list of traits he expected claimant to manifest during the hearing, and then make his determination of non-disability solely upon claimant's failure to manifest those traits.  To the contrary, the ALJ properly considered his observations about claimant's demeanor and appearance, along with other factors, in evaluating claimant's credibility.  *See Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987) ("The ALJ is not prohibited 'from considering the claimant's appearance and demeanor during the hearing.' . . .  The ALJ did note Macia's demeanor but did not discredit Macia's testimony solely on this basis.") (internal citation omitted); Social Security Ruling 96-7p, 1996 WL 374186, at *5 ("In instances where the individual attends an administrative proceeding conducted by the adjudicator, the adjudicator may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements.").  The ALJ was careful to note that his personal observations received only "some slight weight" in the decision-making process, and it is apparent that the ALJ also relied upon other factors, including the consistency of claimant's complaints with the medical evidence and claimant's daily activities.

In accordance with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 18th day of March, 2013.

_____

United States District Judge